**C.O. LAW, APC**
Clark Ovruchesky, Esq. (SBN: 301844)
co@colawcalifornia.com
3148 Midway Dr. Suite 203
San Diego, California 92110
Telephone: (619) 356-8960
Facsimile: (619) 330-7610

**COSTA LEGAL CENTER**
George C. Panagiotou, Esq. (SBN: 263172)
7230 S. Land Park Dr., Suite 127
3148 Midway Dr. Suite 202
San Diego, California 92110
Telephone: (858) 3000-0033
Facsimile: (858) 408-2939

*Attorneys for Plaintiff*,
Feras Qumseya

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERAS QUMSEYA, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | 1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND** |
| AQUA FINANCE, INC. and EQUIFAX INFORMATION SERVICES LLC, | 2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff **FERAS QUMSEYA** ("Plaintiff"), through his attorneys, brings this lawsuit to challenge the actions of Defendants **AQUA FINANCE, INC. ("AQUA", "Furnisher-Defendant", or "Defendants") and EQUIFAX INFORMATION SERVICES LLC ("Equifax", the "Credit Bureau", or "Defendants"),** with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

6. Any violations by Defendants were knowing and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state law claims.

9. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCRAA").

10. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

11. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

///

///

///

## PARTIES

12. Plaintiff is a natural person who resides in the City of Temecula, County of Riverside, in the State of California. In addition, Plaintiff is a "consumer" as that term is defined by: Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c).

13. Defendant AQUA is a corporation, whose primary corporate address is in the City of Cincinnati, in the State of Ohio, and is authorized to do business in the State of California.

14. Defendant Equifax is a corporation whose primary corporate address is in the City of Wausau, in the State of Wisconsin, and is authorized to do business in the State of California.

15. Defendant AQUA ("Furnisher-Defendant") is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), which regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Plaintiff is informed and believes, and thereon alleges, that Furnisher-Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

17. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3.

18. The causes of action herein also pertain to Plaintiff's "consumer [credit] report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by AQUA to "consumer reporting agencies," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity.

19. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL ALLEGATIONS

20. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

21. Furthermore, Defendants conducted business within the State of California at all times relevant.

22. In respect to their FCRA investigation, Plaintiff alleges AQUA, rather than train its employees how to properly review and investigate disputes, are generally expected to simply confirm whatever information being reported is accurate, rather than conducting an actual reasonable investigation.

23. Similarly, Plaintiff alleges Equifax's employees have a policy of simply parroting whatever information is provided by furnishers rather than conducting reasonable reinvestigations under the FCRA and CCRAA.

24. This is because the investigation and reinvestigations conducted by the AQUA and Equifax, respectively, occur in a hurried, conveyor-belt styled atmosphere in which dispute operators are under pressure to process disputes quickly to meet production quotas. This atmosphere is conducive to a speed-minded dispute operator failing to consider, or not looking for, information that is relevant to the consumer's dispute.

25. Such conduct by Defendants is willful and reckless.

26. Furthermore, Equifax's policies and procedures for maintaining and operating their internal databases were not reasonable, because they continued reporting patently inaccurate and materially misleading information after Plaintiff formally disputed the reporting.

27. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

28. As a direct and proximate result of the derogatory information furnished and reported by Defendants, Plaintiff has sustained actual damages including emotional distress, having his privacy invaded, humiliation, embarrassment, anxiety, loss of sleep, defamation of character, pain and suffering, was impeded in seeking necessary products and services from vendors, damages to his credit rating, and damages to his creditworthiness, which makes Plaintiff unable and therefore averse to apply for credit because his credit score remains low.

29. As a further direct and proximate result of Defendants' acts stated herein, Plaintiff has spent many hours and associated costs reviewing credit reports, disputing the incorrect information furnished by Defendants via certified mail, and incurred attorneys' fees and such further expenses in an amount to be determined at trial.

### AQUA FINANCE
### INACCURATE AND MATERIALLY MISLEADING CREDIT INFORMATION
### RE: ACCOUNT NO.: 500127* (THE "ACCOUNT")

30. In an Equifax Credit Report dated September 25, 2018, AQUA reported the following inaccurate, misleading, and derogatory information for the above-referenced Account:

   - Scheduled Payment Amount: $228

31. However, the Account was closed/paid on or about October 2015 with a zero ($0) balance.

32. Accordingly, it was inaccurate and materially misleading for AQUA to report the above "Scheduled Payment" amount of $228 because Plaintiff no longer had a scheduled payment due on the Account following the satisfaction and closure of the Account.

33. The "Scheduled Payment" amount reported by AQUA and Equifax, as opposed to the correct scheduled payment amount of $0 following Plaintiff's satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff still has an ongoing agreement to pay on the Account to AQUA, which is not true.

34. Rather than using AQUA's internal account information for Plaintiff's Account, which reflected or should have reflected that the Account was closed/paid, AQUA continued to report that Plaintiff had an ongoing payment obligation/plan with AQUA. Therefore, AQUA's reporting was patently inaccurate and materially misleading.

35. AQUA's credit reporting information is relevant to Plaintiff's credit score, and AQUA inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

36. Therefore, AQUA inaccurate, materially misleading, and negative reporting of the Debt in light of their knowledge of the status of the Account was willful.

37. Through this conduct, AQUA has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, i.e. a consumer reporting agency, that AQUA knew or should known was inaccurate and materially misleading.

38. AQUA and Equifax's credit reporting information is relevant to Plaintiff's FICO credit score, and Equifax's inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

39. On or about October 2018, Plaintiff disputed AQUA's reported information regarding the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by AQUA.

40. Specifically, Plaintiff sent a letter, via certified mail, to Equifax (the "Dispute Letter"), with the following language:

C.O. LAW, APC
3148 MIDWAY DR., SUITE 203
SAN DIEGO, CA 92110

| Consumer Dispute: | • This tradeline lists a Scheduled Payment amount of $228.00 which is inaccurate and incorrect as there is no scheduled payment amount due. |
|---|---|
| Action/Correction Requested: | • Immediately delete the disputed derogatory information from my credit report and update my credit report accordingly.<br><br>• If you do not immediately correct the disputed information on my credit report, please include the "Consumer Dispute" section above as my dispute statement for this account on my credit report. |

41. Upon information and belief, Equifax timely notified AQUA of Plaintiff's dispute, but they both verified and continued reporting inaccurate, derogatory information.

42. AQUA was required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

43. Equifax was required to conduct a reasonable reinvestigation of Plaintiff's dispute pursuant to 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

44. On or about October 2018, Plaintiff received notification from Equifax that AQUA and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

45. Rather than remove the derogatory information from Plaintiff's report, AQUA and Equifax simply continued reporting inaccurate information.

46. Specifically, AQUA and Equifax reported the following inaccurate and derogatory information on Plaintiff's credit in respect to the Account:

- Scheduled Payment Amount: $228

///
///

47. Equifax did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3) or included Plaintiff's "Statement of Dispute" pursuant to 15 U.S.C. § 1681i(b).

48. Moreover, upon information and belief, Equifax's reinvestigation was not reasonable. Equifax should have discovered from its records, including the Dispute Letter, that the information AQUA reported was inaccurate and materially misleading. Equifax could have easily ascertained that the Account no longer had any scheduled payment due by requesting Plaintiff's account records from AQUA, or contacting Plaintiff for more information.

49. Such conduct by Equifax was willful and reckless.

50. Accordingly, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute, as required by 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

51. Further, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

52. Upon information and belief, AQUA's investigation was also not reasonable. AQUA should have discovered from its internal records, including the Dispute Letter, that the information AQUA reported was inaccurate and materially misleading. AQUA could have reviewed their internal account information, which reflected or should have reflected the Account was closed/paid and satisfied. Had AQUA done so, AQUA would have recognized that the correct "Scheduled Payment" for the Account was $0.

53. Accordingly, AQUA failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b) by:
    a. Failing to remove all of the disputed and incorrect information;
    b. Failing to update Plaintiff's Account (history); and
    c. Failing to notate, as required, Plaintiff's dispute.

54. Through this conduct, AQUA has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, i.e. a consumer reporting agency, that AQUA knew or should known was inaccurate and materially misleading.

55. AQUA and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

56. Due to AQUA and Equifax's failure to reasonably (re)investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. Plaintiff's continued efforts to correct AQUA and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's disputes with AQUA and Equifax were fruitless.

58. AQUA and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

59. AQUA and Equifax's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, AQUA and Equifax willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

60. AQUA and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

61. By inaccurately reporting account information relating to the Account after notice and confirmation of its errors, AQUA and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E)

///

///

///

**AMERICAN HONDA FINANCE CORP.**
**INACCURATE AND MATERIALLY MISLEADING CREDIT INFORMATION**
**RE: ACCOUNT NO.: 13541\* (THE "ACCOUNT")**

62. In an Equifax Credit Report dated September 25, 2018, American Honda Finance Corp. ("HONDA") reported the following inaccurate, misleading, and derogatory information for the above-referenced Account:

    - Scheduled Payment Amount: $356

63. However, the Account was closed/paid on or about June 2012 with a zero ($0) balance.

64. Accordingly, it was inaccurate and materially misleading for HONDA to report the above "Scheduled Payment" amount of $356 because Plaintiff no longer had a scheduled payment due on the Account following the satisfaction and closure of the Account.

65. The "Scheduled Payment" amount reported by HONDA and Equifax, as opposed to the correct scheduled payment amount of $0 following Plaintiff's satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff still has an ongoing agreement to pay on the Account to HONDA, which is not true.

66. HONDA and Equifax's credit reporting information is relevant to Plaintiff's credit score, and their inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

67. On or about October 2018, Plaintiff disputed HONDA's reported information regarding the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by HONDA.

68. Specifically, Plaintiff sent a letter, via certified mail, to Equifax (the "Dispute Letter"), with the following language:

| Consumer Dispute: | • This tradeline lists a Scheduled Payment amount of $356.00 which is inaccurate and incorrect as there is no scheduled payment amount due. |
|---|---|
| Action/Correction Requested: | • Immediately delete the disputed derogatory information from my credit report and update my credit report accordingly.<br>• If you do not immediately correct the disputed information on my credit report, please include the "Consumer Dispute" section above as my dispute statement for this account on my credit report. |

69. Upon information and belief, Equifax timely notified HONDA of Plaintiff's disputes, but they both verified and continued reporting inaccurate, derogatory information.

70. Equifax was required to conduct a reasonable reinvestigation of Plaintiff's dispute pursuant to 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

71. On or about October 2018, Plaintiff received notification from Equifax that HONDA and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

72. Rather than remove the derogatory information from Plaintiff's report, HONDA and Equifax simply continued reporting inaccurate information.

73. Specifically, HONDA and Equifax reported the following inaccurate and derogatory information on Plaintiff's credit in respect to the Account:
    - Scheduled Payment Amount: $356

74. Equifax did not provide notice to Plaintiff that her dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3) or include Plaintiff's "Statement of Dispute" pursuant to 15 U.S.C. § 1681i(b).

///

///

///

75. Moreover, upon information and belief, Equifax's reinvestigation was not reasonable. Equifax should have discovered from its records, including the Dispute Letter, that the information HONDA reported was inaccurate and materially misleading. Equifax could have easily ascertained that the Account no longer had any scheduled payment due by requesting Plaintiff's account records from HONDA, or contacting Plaintiff for more information.

76. Accordingly, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute, as required by 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

77. Further, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

78. Plaintiff's efforts to correct Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Equifax were fruitless.

79. Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

80. Equifax's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, Equifax willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

81. Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

82. By inaccurately reporting account information relating to the Account after notice and confirmation of its errors, Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

///

///

**WELLS FARGO HOME MORTGAGE**
**INACCURATE AND MATERIALLY MISLEADING CREDIT INFORMATION**
**RE: ACCOUNT NO.: 936048546\* (THE "ACCOUNT")**

83. In an Equifax Credit Report dated September 25, 2018, Wells Fargo Home Mortgage ("WFHM") reported the following inaccurate, misleading, and derogatory information for the above-referenced Account:

    - Scheduled Payment Amount: $2,283

84. However, the Account was closed/paid on or about March 2015 with a zero ($0) balance.

85. Accordingly, it was inaccurate and materially misleading for WFHM to report the above "Scheduled Payment" amount of $2,283 because Plaintiff no longer had a scheduled payment due on the Account following the satisfaction and closure of the Account.

86. The "Scheduled Payment" amount reported by WFHM and Equifax, as opposed to the correct scheduled payment amount of $0 following Plaintiff's satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff still has an ongoing agreement to pay on the Account to WFHM, which is not true.

87. WFHM and Equifax's credit reporting information is relevant to Plaintiff's credit score, and their inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

88. On or about October 2018, Plaintiff disputed WFHM's reported information regarding the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by WFHM.

89. Specifically, Plaintiff sent a letter, via certified mail, to Equifax (the "Dispute Letter"), with the following language:

///

///

///

| Consumer Dispute: | • This tradeline lists a Scheduled Payment amount of $2,283.00 which is inaccurate and incorrect as there is no scheduled payment amount due. |
|---|---|
| Action/Correction Requested: | • Immediately delete the disputed derogatory information from my credit report and update my credit report accordingly.<br>• If you do not immediately correct the disputed information on my credit report, please include the "Consumer Dispute" section above as my dispute statement for this account on my credit report. |

90. Upon information and belief, Equifax timely notified WFHM of Plaintiff's disputes, but they both verified and continued reporting inaccurate, derogatory information.

91. Equifax was required to conduct a reasonable reinvestigation of Plaintiff's dispute pursuant to 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

92. On or about October 2018, Plaintiff received notification from Equifax that WFHM and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

93. Rather than remove the derogatory information from Plaintiff's report, WFHM and Equifax simply continued reporting inaccurate information.

94. Specifically, WFHM and Equifax reported the following inaccurate and derogatory information on Plaintiff's credit in respect to the Account:
    - Scheduled Payment Amount: $2,283

95. Equifax did not provide notice to Plaintiff that her dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3) or include Plaintiff's "Statement of Dispute" pursuant to 15 U.S.C. § 1681i(b).

///

///

///

**COMPLAINT FOR DAMAGES**  PAGE 15 OF 20

96. Moreover, upon information and belief, Equifax's reinvestigation was not reasonable. Equifax should have discovered from its records, including the Dispute Letter, that the information WFHM reported was inaccurate and materially misleading. Equifax could have easily ascertained that the Account no longer had any scheduled payment due by requesting Plaintiff's account records from WFHM, or contacting Plaintiff for more information.

97. Accordingly, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute, as required by 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

98. Further, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

99. Plaintiff's efforts to correct Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Equifax were fruitless.

100. Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

101. Equifax's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, Equifax willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

102. Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

103. By inaccurately reporting account information relating to the Account after notice and confirmation of its errors, Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

///

///

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

### [AGAINST ALL DEFENDANTS]

104. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

105. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

106. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

107. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

### COUNT II

### VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST ALL DEFENDANTS]

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

110. As a result of each and every negligent violation of the CCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a)(1) from Defendants.

111. As a result of each and every willful violation of the CCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a)(2) against Defendants, including punitive damages of $100-$5,000 per willful violation.

112. Because Furnisher-Defendants are partnerships, corporations, associations, or other entities, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Furnisher-Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Thus, Furnisher-Defendants violated Cal. Civ. Code § 1785.25(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

///

///

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against Defendants; and
- Any and all other relief the Court deems just and proper.

Dated: December 17, 2018　　　　　　　Respectfully submitted,

**C.O. LAW, APC**

By: /s/ Clark Ovruchesky
　　CLARK OVRUCHESKY, ESQ.
　　ATTORNEY FOR PLAINTIFF

///
///
///
///
///

**TRIAL BY JURY**

113. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 17, 2018                    Respectfully submitted,

                                            **C.O. LAW, APC**


                                            By: /s/ Clark Ovruchesky
                                                CLARK OVRUCHESKY, ESQ.
                                                ATTORNEY FOR PLAINTIFF